WILLIAMSON (BARRETT v.). See Case No. 1,051.

## Case No. 17,750.

### WILLIAMSON v. The BETSY.

[Bee, 67.] [1]

District Court, D. South Carolina. March 23, 1795.

NEUTRALITY LAWS—FITTING OUT PRIVATEER.

[Where a privateer was illegally fitted out, and commissioned in this country by the French minister, but was afterwards dismantled, and her register canceled, then sold to a foreigner, and fitted out and commissioned in a foreign port, *held*, that her proceedings under the latter commission were not in violation of the neutrality laws.]

BEE, District Judge. The actor was master of this brig, belonging to British subjects. On the 23d of November, 1794, she was captured on the high seas by the defendant, who commanded a privateer called the Port-de-Paix. The libel states that this privateer was armed and equipped for war, wholly or in part, in this port; and that J. P. Sarjeant is a citizen of the United States, or British subject; and, therefore, could not be legally commissioned, as a French citizen, to take prizes. That this brig having been brought into the neutral port where the armed vessel was unlawfully fitted out, ought to be restored to the original owners.

The plea to the jurisdiction sets forth that the privateer is owned by Sarjeant and Olmstead, both French citizens. That the crew are also French citizens, or, at least, shipped as such. That their vessel is a French bottom, equipped at Port-de-Paix, and not in any port of the United States, and that she was duly commissioned by General Laveaux on the 23d August, 1794. That she arrived here in September, and sailed in November following, with no additional equipment whatsoever. That no American citizen entered on board during her stay, though several British seamen did. The capture is admitted, far without the jurisdiction of the United States, and the 17th article of the treaty with France is relied on in support of the plea. It appeared in evidence that this vessel was formerly American, that she fitted and armed in this port in 1793, and was commissioned by Genet. That she was in the number of those proscribed by the president of the United States; and that in consequence of such proscription, she was stripped and dismantled in Wilmington (N. C.) and lay there a considerable time in that condition. Her American register was given up, and the bond for the same cancelled at his office. It appeared that, some time afterwards, this vessel arrived here from North Carolina with a clearance and manifest, as the Dolphin, and a bill of sale to one Gibson, of the island of St. Bartholomew. That she cleared and sailed from hence on 5th August last, as a foreign vessel, at which time, as well as on her arrival from North Carolina, she was unarmed, and in no manner equipped for war. Upon this evidence I am of opinion, that although the original fitting out here as the Vainqueur de la Bastile, under Genet's commission, was contrary to neutrality, and all acts done by the vessel, illegal and within the jurisdiction of this court, yet that the subsequent dismantling, change of property, and cancelling of her register, occasion a total difference; and that her subsequent proceedings cannot be questioned here. Let the libel be dismissed with costs.

[1] [Reported by Hon. Thomas Bee, District Judge.]